

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FILED

JUL 18 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

BARRY S. BLUM,

      Debtor.

_____

BARRY S. BLUM,

      Plaintiff,

vs.

NIKKI ROETHLER

      Defendant.

_____

Case No. 01-32040-B-13J

Chapter 13.

Adv. No. 08-02370-B

D.C. No. WAC-2

## MEMORANDUM DECISION

The court is in receipt of plaintiff debtor Barry Blum's ("Plaintiff") Ex Parte Application for Order Shortening Time for Service of Notice of Hearing on Debtor's Motion for Temporary Restraining Order (the "OST Application") and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (the "Injunction Motion"), filed incorrectly in Plaintiff's parent bankruptcy case, but relating to claims raised in the adversary proceeding set forth in the caption of this Memorandum Decision. The OST Application requests that the court shorten time for notice of a requested hearing on the Injunction Motion to one day to permit it to be heard on July 18, 2008 at 1:30 p.m.  The OST

1  Application requests that if the request for shortened time is
2  not granted that the court grant Plaintiff a temporary
3  restraining order restraining defendant Nikki Roethler
4  ("Defendant"), Plaintiff's former spouse, from pursuing or
5  continuing contempt proceedings in Santa Clara County Superior
6  Court.

7      Both requests will be denied.  As to the request for
8  shortened time, the standard for obtaining an order shortening
9  the amount of notice of a hearing on a motion is "[i]n
10 appropriate circumstances and for good cause shown."  LBR 9014-
11 1(f)(3).  Plaintiff has not shown good cause for shortening time
12 on a hearing on the injunction motion to less than twenty-four
13 hours before the requested hearing date.  Plaintiff asserts that
14 a hearing on July 18 is necessary because a contempt trial has
15 been set to commence in Santa Clara County Superior Court on
16 Monday, July 21, 2008 and if a hearing is not held and Defendant
17 is not restrained Plaintiff may be incarcerated.  Any emergency
18 created by the impending contempt proceeding, however, is
19 entirely of Plaintiff's own creation.  Based on the allegations
20 in the complaint, Plaintiff was aware of Defendant's claims
21 against him since no later than March 14, 2008, when Defendant
22 allegedly stated in a deposition that she was satisfied with the
23 services of her attorney with respect to a Marital Settlement
24 Agreement that required Plaintiff to pay Defendant a domestic
25 support obligation.  (Adv. Dkt. 1 at 5).  Plaintiff was also
26 allegedly aware of his own asserted claim against Defendant much
27 earlier than that, as Plaintiff alleges in the complaint that
28                              -2-

1  Defendant allegedly admitted that the support obligation was a
2  disguised settlement of a personal injury as early as June 20,
3  2007, over one year ago.  (Adv. Dkt. 1 at 5).  Plaintiff sought
4  to reopen his parent bankruptcy case on June 12, 2008, over one
5  month prior to the filing of the OST Application and Injunction
6  Motion, and in the application to reopen his case he asserted
7  that his cause for reopening the case was to file his claim for
8  dischargeability of the debt he allegedly owes Defendant.  (Main
9  Dkt. 44).  All of the documents in the court's record of the
10 adversary proceeding and parent case show that Plaintiff was
11 aware of his claims against Defendant for a substantial amount of
12 time, and also that he was aware of the claim for a debt asserted
13 against him by Defendant.  Despite that knowledge Plaintiff
14 waited until 5:05 p.m. on July 17, 2008, less than twenty-four
15 hours prior to the requested hearing date and time, to file the
16 OST Application, Injunction Motion, and proposed order
17 electronically with the court.  Plaintiff has not shown good
18 cause for obtaining the requested order shortening time, and the
19 court does not find it appropriate to grant such an order in this
20 instance.

21      As to the request for a temporary restraining order if
22 shortened time is not granted, Plaintiff has failed to satisfy
23 the standard for obtaining a temporary restraining order.  The
24 standard for issuing a temporary restraining order is similar to
25 that required for a preliminary injunction.  See Los Angeles
26 Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004,
27 1008 (9th Cir. 1981).  The Ninth Circuit sets forth the following

28                              -3-

standard for determining whether a court should grant an

injunction:

> [Movant must] demonstrate either a combination of
> probability of success on the merits and the possibility of
> irreparable injury or that serious questions are raised and
> the balance of hardships tips sharply in [its] favor.  These
> formulations are not different tests but represents two
> points on a sliding scale in which the degree of irreparable
> harm increases as the probability of success on the merits
> decreases.

<u>Associated General Contractors of California, Inc. v. Coalition for</u>

<u>Economic Equality</u>, 950 F.2d 1401, 1410 (9th Cir. 1991)(quotations and

internal citations omitted).

Here, Plaintiff has failed to demonstrate any likelihood of

success on the merits of his claim against Defendant.

Plaintiff's claim for dischargeability of the debt he owes

defendant relies primarily if not exclusively on this court

recasting a domestic support obligation created by a marital

settlement agreement and made effective by a judgment of

dissolution of marriage in state court as an entirely different

kind of debt.  Plaintiff cites no authority supporting the

proposition that this court can revisit the underlying merits of

a state court judgment and fashion relief that effectively

vacates part of that judgment.  <u>See</u> <u>Rooker v. Fidelity Trust Co.</u>,

263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v.</u>

<u>Feldman</u>, 460 U.S. 462 (1983).

Furthermore, the standard for obtaining a temporary

restraining order is particularly high where the relief is

requested on an ex parte basis without giving the adverse party

an opportunity to respond.  Pursuant to Federal Rule of Civil

-4-

Procedure 65(b), made applicable to this proceeding by Federal
Rule of Bankruptcy Procedure 7065, ex parte requests for
temporary restraining orders can be issued only if "specific
facts in an affidavit or verified complaint clearly show that
immediate and irreparable injury, loss, or damage will result to
the movant before the adverse party can be heard in opposition;
and . . . the movant's attorney certifies in writing any efforts
made to give notice and the reasons why it should not be
required." Fed. R. Civ. P. 65(b). Here, Plaintiff's attorney
has not made the required certification of efforts to give notice
to Defendant.

Finally, "[i]t is well settled that principles of equity
must be applied in any assessment for injunctive relief. . . .
Similar to the 'clean hands' doctrine, acquiescence or laches by
the movant with respect to the conduct sought to be enjoined may
bar injunctive relief." James. Wm. Moore, et. al., Moore's
Federal Practice § 65.06[5][b], citing United States v. Imperial
Irrigation Dist., 799 F. Supp. 1052, 1069 (S.D. Cal. 1992). The
application of laches depends upon the facts of the particular
case. Brown v. Cont'l Can Co., 765 F.2d 810, 814 (9th Cir.
1985). This "affirmative defense . . . 'requires proof of (1)
lack of diligence by the party against whom the defense is
asserted, and (2) prejudice to the party asserting the defense.'"
In re Beaty, 306 F.3d 914, 926 (9th Cir. 2002)(quoting Kansas v.
Colorado, 514 U.S. 673, 687 (1995)). Here, as set forth above in
this Memorandum Decision, Plaintiff has displayed a lack of
diligence, as he was apparently aware of Defendant's assertion of

a claim against him and his own claim against Defendant for a substantial amount of time, but chose to seek injunctive relief against Defendant by ex parte motion effectively less than one court day before Defendant's attempt to enforce her claim by contempt proceedings in Santa Clara County Superior Court.  As Plaintiff's complaint has stated that the debt owed to Defendant is substantial, Defendant would be prejudiced if Plaintiff were able to restrain Defendant from continuing with the contempt proceeding.

The court will issue a separate order consistent with this Memorandum Decision.


Dated:   **JUL 1 8 2008**

                              BY THE COURT



                              Thomas C. Holman
                              United States Bankruptcy Judge

-6-

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

        The undersigned deputy clerk in the office of the United
States Bankruptcy Court for the Eastern District of California
hereby certifies that a copy of the document to which this
certificate is attached was mailed today to the following
entities listed at the address shown on the attached list or
shown below.

Barry S. Blum                    W. Austin Cooper
2519 Arbury St                   2151 River Plaza Dr #195
Sacramento CA 95833              Sacramento CA 95833

DATED:  7/18/08              By: _____
                                      Deputy Clerk

EDC 3-070 (New 4/21/00)